## Powell et al. v. Childers et al.

November 10, 1950.

William J. Baxter, Judge.

46

Harvey T. Lisle for appellants.

R. Russell Grant and D. L. Pendleton for appellees.

JUDGE LATIMER—Affirming.

This action grew out of these facts: Appellees, D. B. Wilder and Fannie B. Wilder, his wife, parents of appellants, Fred B. Wilder, Justine Wright, and Norma Jean Bonino, in 1930 acquired title to the tract of land in question. By the deed each obtained a ½ undivided interest. In 1933 D. B. Wilder deeded his ½ interest to his wife, Fannie B. Wilder. The granting clause contains these words: "* * * unto the party of the second part, for and during her natural life with remainder to the heirs of the first party."

The habendum clause contains this language: "It is understood that second party already owns an undivided

one-half interest in and to said real estate and first party desires now, and has by this writing conveyed to second party, his wife, his undivided one-half interest therein, same to be and belong to second party during her natural life, and upon her death said property, or at least the one-half undivided interest of first party herein, and now conveyed, shall go to the heirs of first party.''

In 1945, D. B. Wilder and his wife conveyed, by deed of general warranty, this same property to appellees, S. M. Childers and his wife, Nannie Childers. Immediately prior to the institution of this proceeding, Childers and his wife contracted to sell this property. Upon an examination of title the deed of Wilder to his wife, containing the granting and habendum clauses above, was discovered. Childers and his wife, who had a general warranty title, of course, complained to their grantors.

Petition was then filed under the Declartory Judgment Act, Civil Code of Practice, sec. 639a-1 et seq., wherein appellees, joining as plaintiffs, made the children of D. B. Wilder parties defendant. These defendants, all of whom are adults, properly filed answer and concurred in the allegation of their parents that their father, D. B. Wilder, did not intend the remainder interest, as set out in the portions of the deeds above, to be contingent, and asked that the court adjudge that a deed joined in by these remaindermen would cure any mistake made in inserting the language in the granting and habendum clauses and convey a good fee simple title to plaintiffs, Childers and wife. They insisted further that since they were all the living children of Wilder, who conveyed the property to his wife, the court should adjudge that in any event the title should vest in the then living children of D. B. Wilder.

After hearing the cause, the court, in declaring the rights of the parties, adjudged that the deed of D. B. Wilder to his wife conveyed to her a life estate in ½ of the property, and that at her death the fee simple title to that portion of the land should vest in the then living children of D. B. Wilder, or the issue of such as then might be dead. The court then adjudged that it would be to the best interest of all parties involved that the property be sold for the purpose of reinvesting the proceeds of that undivided ½ interest in other real estate to be held under the terms and conditions of the deed with

reference to the rights of the remaindermen therein. It was then ordered that the master commissioner advertise and sell the property.

It appears that upon the sale of the property, G. B. Powell became the purchaser. He filed exceptions to the sale, which were overruled. The sale was confirmed and the matter of reinvestment of that part of the proceeds indicated above was retained for further adjudication, to which G. B. Powell objected and excepted and prayed an appeal to the Court of Appeals. Thus, we have G. B. Powell, together with the defendants, children of D. B. Wilder, as parties appellant.

The fact that Mr. and Mrs. Wilder conveyed this property to Childers by deed of general warranty indicates, without doubt, that they thought they had right so to do. Appellants insist that this mistake should be corrected, if possible, in order to avoid common law action for damages for breach of warranty. The children of the Wilders insist that this mistake should be corrected. The Wilders contend that it was only intended, by the deed of Wilder to his wife, to create a life estate in that ½ to her. It is insisted that since the children stand ready, if necessary, to join in any conveyance that might be required to make the title good in order to relieve their parents from this situation, the court should correct that mistake and construe the deed so as to read out of it any thought of contingent remaindermen. In support of their view, Kentucky Real Estate Board et al. v. Smith, 272 Ky. 313, 114 S. W. 2d 107, is cited. We think the rule announced in that case correct based on the circumstances therein. But, here we have no glaringly omitted words nor confusion and uncertainty of language. In fact, we have two clauses specifically stating what was done. We also come face to face with the fact that there was no reservation, but, on the other hand, an estate was created, first a life estate in the wife, and upon her death the remainder to the heirs of the first party. The persons who are to enjoy this remainder are not to be ascertained at the time the life and remainder estates are created, but upon the termination of the life estate. Now, who will be the heirs of the first party upon the death of the life tenant? Uncertainty therein makes this a contingent remainder. The court properly decided this question.

It is suggested that the sale of the property, under 491 of the Civil Code of Practice, should have been set aside because, if there are contingent remaindermen, all necessary parties were not properly before the court. This raises the question of virtual representation. The living children were before the court. Their interests are mutual and common with contingent remaindermen. The interests of any contingent remaindermen, therefore, are sufficiently defended. Goff v. Renick et al., 156 Ky. 588, 161 S. W. 983.

The judgment is affirmed.